**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **RODRIGO ALEJANDRO RIQUEL CARDOZO,** | § | |
| | § | |
| **Movant,** | § | |
| | § | |
| **V.** | § | **NO. 4:26-CV-701-O** |
| | § | **(NO. 4:25-CR-188-O-5)** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **Respondent.** | § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Rodrigo Alejandro Riquel Cardozo under 28 U.S.C. § 2255 to vacate, set aside, or correct judgment by a person in federal custody. The Court, having considered the motion, the response, the reply (which is in the form of a declaration), the record, and applicable authorities, concludes that the motion must be **DENIED**.

## I. BACKGROUND

On August 7, 2025, Movant was named in a superseding information charging him in Count Three with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No.[1] 47. Movant signed a plea agreement with waiver of appeal pursuant to which he agreed to plead guilty to the offense charged against him and the government agreed not to bring any additional charges against him based on the conduct underlying and related to the plea. CR ECF No. 92. The plea agreement further set forth the penalties Movant faced, the Court's sentencing discretion and role of the guidelines, that the plea was freely and voluntarily made and

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:25-CR-188-O.

not the result of force, threats or promises, that Movant waived his right to appeal or otherwise challenge his conviction and sentence except in certain limited circumstances, and that Movant had thoroughly reviewed all aspects of the case with counsel and was fully satisfied with counsel's legal representation. *Id.* Movant also signed a factual resume that set forth the penalties he faced, the elements of the offense to which he was pleading guilty, and the stipulated facts establishing that he had committed that offense. CR ECF No. 93.

On August 20, 2025, Movant appeared for arraignment and testified under oath in open court that: he understood that he should never depend or rely on any statement or promise regarding what penalty might be assessed against him; no threats or promises had been made to induce his guilty plea; he had received the superseding information and understood the charge against him; he understood the essential elements and admitted that he committed each of them; he had discussed with counsel how the sentencing guidelines might apply and was fully satisfied with the representation and advice counsel had provided; he understood the plea agreement including the waiver of appeal provision and discussed it with counsel before he signed it; he voluntarily and of his own free will entered into the plea agreement; no one made any promise, assurance, or threat of any kind to induce him to enter into the plea agreement; he understood the penalties he faced; and, he understood and signed the factual resume and all the facts in it were true and correct. CR ECF No. 302.

The Court sentenced Movant to a term of imprisonment of 120 months, CR ECF No. 259, a significant below-guideline sentence. CR ECF No. 260. Following the sentencing hearing, counsel explained to Movant his rights concerning appeal and Movant signed a post-conviction

consultation certification ("PCCC") reflecting that he understood his rights and had decided not to appeal. CR ECF No. 289. He did not appeal.

## II. GROUNDS OF THE MOTION

Movant asserts three grounds[2] in support of his motion, each alleging that he received ineffective assistance of counsel. ECF No.[3] 1 at 4–8.[4]

## III. APPLICABLE LEGAL STANDARDS

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974);

[2] The purported fourth ground is a request for the sentencing and hearing transcripts of which the Court takes judicial notice.
[3] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[4] The page number references to the motion are to "Page __ of 16" reflected at the top right portion of the document on the Court's electronic filing system.

*United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

**B. Ineffective Assistance of Counsel**

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In his second ground, Movant alleges that counsel failed to file a notice of appeal despite his having requested her to do so on the day of sentencing. ECF No. 1 at 5. Although such an allegation would normally require a hearing, there is no need for one where, as here, the defendant signed a consultation form reflecting his desire not to pursue an appeal. *Soto-Martinez v. United States*, No. 7:18-CV-00278, 2019 WL 13394980, at *5 (S.D. Tex. Nov. 15, 2019). *See Lloyd v. United States*, No. 17-13276-K, 2018 WL 7108249, at *4–*5 (11th Cir. Oct. 31, 2018). An evidentiary hearing is not required where the record conclusively shows whether such a request was made. *United States v. Tapp*, 491 F.3d 263, 266 (5th Cir. 2007). *See United States v. Pena-Garavito*, 539 F. App'x 506, 506 (5th Cir. 2013) (contested factual issues may not be decided on the basis of affidavits alone unless they are supported by other evidence in the record). Here, the affidavit of Movant's counsel establishes that she met with Movant after the sentencing hearing, read him the PCCC in Spanish, discussed his right to appeal with him, and Movant signed the PCCC and specifically told counsel he did not wish to appeal. Further, she told Movant he had a few days to change his mind but neither he nor his family ever contacted her regarding an appeal. ECF No. 9-2. The PCCC supports the affidavit. CR ECF No. 289. Movant has not rebutted counsel's statement and is not entitled to a hearing. *Kendrix v. United States*, No. 3:11-CV-2866-P, 2012 WL 3101296, at *4–*5 (N.D. Tex. July 31, 2012) (in his reply, movant failed to dispute attorney's affidavit that he reminded movant of appeal waiver and movant chose to waive appeal).

The remainder of Movant's claims, including those asserted in Ground One and Ground Two, are conclusory and fail to provide the specificity needed to state a valid ground for relief. *Miller*, 200 F.3d at 282; *United States v. Whitehead*, 393 F. App'x 226, 227–28 (5th Cir. 2010).

Movant complains that counsel failed to "show the evidence" and failed "to obtain the evidence and explain the evidence" but he does not explain what he means or why it matters. ECF No. 1 at 4. He refers to counsel's alleged failure to procure and provide discovery but one who relies on failure to investigate must allege with specificity the type of investigation that should have been undertaken and explain how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *United States v. Goodley*, 183 F. App'x 419, 422–23 (5th Cir. 2006). He alleges that counsel failed to file a motion to suppress, ECF No. 1 at 5, but that claim was waived by his guilty plea. *United States v. Cavitt*, 550 F.3d 430, 440 (5th Cir. 2008). Even if it was not waived, Movant has not shown that failure to file a suppression motion caused him harm. *See Kimmelman v. Morrison*, 477 U.S. 365, 384 (1996) (failure to file a suppression motion does not constitute *per se* ineffective assistance of counsel). The fact that some of the drugs in the case were fake does not impact the conspiracy conviction. *United States v. Pietri*, 683 F.2d 877, 879 (5th Cir. 1982). Thus, a motion to suppress the fake drugs would have been frivolous. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (failure to file frivolous motion does not amount to ineffective assistance).

To the extent that Movant complains that counsel failed to negotiate a better plea, including a safety-valve or minor role adjustment, he has not shown and cannot show that a better plea could have been reached. ECF No. 1 at 7. He alludes to counsel having promised him a sentence less than 60 months, *id.*, but that contention is belied by the record. Movant's plea agreement, CR ECF No. 92, and factual resume, CR ECF No. 93, each set out the penalties Movant faced, which included a statutory minimum sentence of five years' incarceration. The plea agreement and factual resume are entitled to a presumption of regularity and carry great evidentiary weight.

*United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Likewise, Movant's declarations in open court, admitting among other things that he understood the rights he was waiving, that he had read and understood the plea agreement and factual resume, that he understood the penalties he faced and that the sentence was wholly within the Court's discretion, and that no one had made any promises or threats to induce him to plead guilty, CR ECF No. 302, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant has produced no independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998).

Even if Movant could show that his plea was not knowing and voluntary—which he cannot—he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for the alleged deficient performance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The Court "should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 582 U.S. 357, 369 (2017). Movant's solemn declarations in open court establish his mindset at the time of the plea. *United States v. Valdez*, 973 F.3d 396, 405–06 (5th Cir. 2020). Here, he does not even allege that he would have insisted on going to trial.

## V. CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **18th** day of **November 2026**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**